UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNSON CONTROLS, INC., ET AL.,

  Plaintiffs,

v.

GUILFORD MILLS, INC.,

  Defendant.

             /

Case No. 05-71302

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO STAY ACTION PENDING ARBITRATION [3]**

  This contract dispute comes before the Court on Defendant Guilford Mills, Inc.'s motion to dismiss or, alternatively, to stay action pending arbitration. This Court has diversity jurisdiction. For the reasons stated below, Defendant's motion is DENIED as to its request for dismissal but GRANTED as to its request to stay this action pending arbitration.

**I. Facts**

  Plaintiffs Johnson Controls, Inc. and Johnson Controls Interiors L.L.C. (referred to collectively as "Johnson Controls") allege that they supply, among other automotive products, overhead systems containing fabric supplied by Defendant to many automotive manufacturers. (1st Am. Compl. at ¶ 6.) On September 26, 2003, Johnson Controls and Defendant entered into a contract where Defendant agreed to act as Johnson Controls' single-source North American supplier of Guilford Fabrics and to adhere to the pricing that

existed between the parties on September 26, 2003.  Johnson Controls agreed to purchase the Guilford Fabrics exclusively from Defendant, subject to the terms of the contract.  (*Id.* at ¶ 11.)

The parties' contract also contains the following arbitration clause:

> Governing Law; Arbitration; Jurisdiction.  The Order is to be construed according to the laws of the jurisdiction as stated in the applicable Country Supplement; if no such jurisdiction is specified, the Order will be governed by the laws of the State of Michigan and the United States of America. . . .  <u>The arbitration provisions of this Section will be governed by the United States Federal Arbitration Act.  Any dispute regarding the Supplies, the Order, the validity of the Order or any of these Terms, or any other matter between the parties (other than requests for injunctive relief) will be resolved by binding arbitration</u>, conducted in the English language using a single arbitrator selected by the parties, under the commercial arbitration rules of the American Arbitration Association (AAA) and under Rules 26 through 37 of the U.S. Federal Rules of Civil Procedure, in a location agreed by the parties. . . .  The arbitrator will issue written findings of fact and conclusions of law, and may award attorneys' fees and costs to the substantially prevailing party. . . .  <u>Any request for injunctive relief may be brought by Buyer in any court(s) having jurisdiction over Seller, or, at Buyer's option, in the state or federal court, as applicable, closest to Plymouth, Michigan, in which event Seller consents to the jurisdiction of such court.  Any request for injunctive relief against Buyer may be brought by Seller only in the court(s) having jurisdiction over the location of Buyer from which the Order issued</u>.

(Def.'s Am. Br., Ex. A at p. 9, ¶ 34.) (Emphasis added.)

A dispute arose between Johnson Controls and Defendant concerning the terms of the contract.  In March 2005, rather than invoking the arbitration provision of the parties' contract, Johnson Controls brought this action in Oakland County Circuit Court, alleging claims of breach of contract, specific performance, and for declaratory judgment.  There was no claim asserted for injunctive relief.

Defendant removed the action to this Court on April 5, 2005, based on diversity jurisdiction, and, on April 7, 2005, filed a motion to dismiss or to stay action pending

arbitration. Subsequently, on April 27, 2005, Plaintiffs filed an amended complaint, adding a claim for injunctive relief.

This matter is now before the Court on Defendant's motion to dismiss or to stay action pending arbitration, in accordance with the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

Defendant argues that Plaintiffs' breach of contract, specific performance, and declaratory judgment claims should be dismissed for lack of jurisdiction because the parties contractually agreed to arbitrate such claims. Defendant further argues that, although the parties expressly agreed not to arbitrate claims for injunctive relief, Plaintiffs' newly added claim for injunctive relief is "artful pleading" and a blatant attempt to avoid arbitration and thus should likewise be dismissed. Alternatively, Defendant argues that this Court should compel arbitration of Plaintiffs' admittedly arbitrable claims; i.e., breach of contract, specific performance, and declaratory judgment, and stay all proceedings on Plaintiffs' remaining claim for injunctive relief pending arbitration.

Johnson Controls does not dispute that there is a valid arbitration clause in its contract with Defendant. Rather, Johnson Controls argues that none of the claims asserted in its complaint are arbitrable under that clause because they all seek injunctive relief. (Resp. at 3, n.3.) Even if this Court were to find otherwise, Johnson Controls argues, dismissal of its lawsuit is inappropriate because its claim for injunctive relief is expressly excluded under the parties' arbitration clause. Johnson Controls further argues that there is no need for a stay because going forward on its claim for injunctive relief would not render the arbitration proceedings redundant and meaningless and would not thwart the federal policy in favor of arbitration.

**II.     Analysis**

Defendant's motion presents this Court with three tasks. It must determine: (1) whether the parties entered into a valid, enforceable arbitration agreement; (2) whether the claims at issue falls within the scope of that agreement; and (3) "if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

**A. General Principles**

Several well-established principles concerning arbitration agreements guide the Court's decision whether to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*. The FAA applies to commercial transactions governed by written agreements that provide for arbitration of disputes arising out of that transaction. *Southland Corp. v. Keating*, 465 U.S. 1, 10-11 (1984). Arbitration agreements are generally favored. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). In fact, Congress enacted the FAA, in "response to the hostility of American courts to the enforcement of arbitration agreements, a judicial disposition inherited from then-longstanding English practice." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 109, 111 (2001). *Accord*, *Stout*, 228 F.3d at 714 (observing that "[t]he FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and loss costly alternative to litigation.").

Section 2 of the FAA compels judicial enforcement of arbitration clauses in commercial contracts unless legal or equitable grounds exist for revocation. *See* 9

U.S.C.A. § 2 (West 1999).[1]  As the Sixth Circuit recently observed, "the FAA is at bottom a policy guaranteeing the enforcement of private contractual arrangements." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 625 (6th Cir. 2003) (internal quotations and citations omitted).  Thus, "[w]hen asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Stout*, 228 F.3d at 715.  This is so because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotations and citations omitted).  Accordingly, "[b]efore compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch*, 315 F.3d at 624.  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

If a court determines that the cause of action is covered by an arbitration clause, Section 3 of the FAA provides that "it must stay the proceedings until the arbitration

---

[1] 9 U.S.C. § 2 provides in pertinent part that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . , shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

process is complete." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citing 9 U.S.C. § 3). Courts have held, however, that when the court determines that all the claims in a cause of action are to be submitted to arbitration, it may dismiss, rather than stay the action because "staying the action will serve no purpose." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). *See Hensel v. Cargill, Inc.*, No. 99-3199, 1999 WL 993775, *4 (6th Cir. Oct. 19, 1999) (rejecting an argument that dismissal was improper, citing *Alford* with approval, and holding that dismissal is proper when all claims in a suit are submitted to arbitration).

### B. Application

It is not disputed that the parties entered into a valid arbitration agreement. Likewise, it is not disputed that the agreement falls within coverage of the FAA. Rather, Johnson Controls argues that (1) its claims do not fall within the scope of the parties' arbitration agreement because each seeks injunctive relief; and (2) even if the Court disagrees with this argument and finds its breach of contract, specific performance, and declaratory judgment claims are arbitrable, its newly added claim for injunctive relief is expressly excluded from arbitration and thus both dismissal and a stay are inappropriate. This Court first addresses whether the parties' arbitration agreement covers the claims asserted in Johnson Controls' First Amended Complaint.

### 1. Arbitrability of Johnson Controls' Claims

This Court concludes that Johnson Controls' breach of contract, specific performance and declaratory judgment claims fall within the scope of the contract's arbitration provision, which provides that:

the validity of the Order or any of these Terms, or any other matter between the parties (other than requests for injunctive relief) will be resolved by binding arbitration. . . .

(Def.'s Am. Br., Ex. A at p. 9, ¶ 34.) Despite Johnson Controls' arguments to the contrary these claims do not request injunctive relief. Rather, they ask the Court to declare the parties' contract valid and enforceable, to interpret the terms of the parties' contract and clarify breaching conduct, and seek only generally "[s]uch other and further relief as the Court deems just, equitable or appropriate under the circumstances." (1st Am. Compl. at pp. 15, 16, and 18.) The Court is mindful that doubt if any, is to be resolved in favor of arbitration. *See Moses H. Cone*, 460 U.S. at 24-25; *Stout*, 228 F.3d at 715. Accordingly, Plaintiffs are compelled to submit these claims to arbitration.

The Court next concludes that Johnson Controls' claim for injunctive relief is expressly excluded from the scope of the parties' arbitration provision. As to this claim, the Court is mindful that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *Howsam*, 537 U.S. at 83. While it is true that to grant the requested injunctive relief, the Court must interpret the contract and determine whether breaching conduct has occurred, it cannot be denied that this claim seeks permanent injunctive relief that is forward-looking; i.e., it seeks to enjoin Defendant from adjusting contract prices, imposing surcharges, or imposing new scheduling requirements. (1st Am. Compl. at pp. 10-11.)

### 2. Dismissal or Stay of Proceedings

Because the Court has determined that some, but not all, of the claims in this action are subject to arbitration, dismissal of this action would be inappropriate. Thus, the Court

7

must determine whether it is appropriate to grant Defendant's alternative request for a stay of proceedings in this action pending arbitration.

This Court concludes that a stay is appropriate here.  Section 3 of the FAA provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  As observed by the Sixth Circuit, "[u]nder § 3 of the FAA, if any separate claim is referable to arbitration, then a stay of proceedings on the remaining claims is mandatory."  *Hensel*, 1999 WL 993775, *4.  *Accord, Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).  Even if not mandatory, a stay here is an appropriate exercise of this Court's inherent power to control its docket, conserve judicial resources, and prevent unnecessary litigation because the outcome of Johnson Controls' nonarbitrable claim for injunctive relief necessarily depends on the arbitrator's ultimate decision of its arbitrable claims for breach of contract, specific performance, and declaratory relief.  *See Cybertak, Inc. v. Bentley Sys., Inc.*, 182 F. Supp.2d 864, 872 (D. Neb. 2002).

### III.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED, Plaintiffs are hereby COMPELLED to submit its claims for breach of contract, specific performance, and declaratory judgment to arbitration, and Defendant's request to stay proceedings pending arbitration is GRANTED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: July 19, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 19, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager